Filed 10/15/13  Robinson v. Montana Bail Bonds CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GRACE D. ROBINSON,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MONTANA BAIL BONDS, INC.,<br><br>    Defendant and Appellant. | B246891<br><br>(Los Angeles County<br>Super. Ct. No. GC044161) |

        APPEAL from an order of the Superior Court of Los Angeles County. C. Edward Simpson, Judge.  Affirmed.

        Law Offices of G. Marshall Hann and G. Marshall Hann for Defendant and Appellant.

        Pasadena Law Center and E. Samuel Johnson III for Plaintiff and Respondent.

_____

This is the second appeal involving these parties.  In the first appeal, defendant and appellant Montana Bail Bonds, Inc. (Montana) challenged the trial court's judgment of contempt for its willful violation of a preliminary injunction.  (*Robinson v. Montana Bail Bonds, Inc.* (July 25, 2012, B233010) [nonpub. opn.] (*Robinson I*).)  On July 25, 2012, we reversed the trial court's judgment.  (*Robinson I*, *supra*, B233010, at p. 1.)  On remand, Montana moved for attorney fees.  The trial court denied Montana's motion, and Montana appeals.

We agree that Montana is not entitled to attorney fees.  The trial court's order is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Deed of Trust and Attorney Fees Provision*

On August 30, 2007, Grace D. Robinson (Robinson), as trustor, Underwriters Surety, Inc., as trustee, and American Surety Company (ASC), as beneficiary, executed a deed of trust securing payment to ASC resulting from the execution of a bail bond. Specifically, the deed of trust secures "(1) . . . all monies due to the Beneficiary and for all interest, premiums, losses, costs, expenses, expenditures, including but not limited to reasonable attorney's fees and liability suffered, sustained, made or incurred by the Beneficiary and as more fully set forth and described in a certain Bail Agreement dated August 30, 2007, and/or (2) on account of, growing out of, or resulting from the execution of a certain bond . . . in the amount of $400,000 by Montana Bail Bond as agent for Beneficiary."  The bail agreement is not part of the appellate record.

The deed of trust further provides "that a certificate signed by the Beneficiary at any time hereafter stating . . . that any loss, damage, expenditure or liability has been sustained by the Beneficiary or its agent on account of the Bail Agreement, which certificate shall specify the date or dates and the amount or amounts of such loss, damage, expenditure (including reasonable attorney's fees) or liability . . . and that such loss, damages, expenditures (including said reasonable attorney's fees) or determined liability has not been paid to the Beneficiary, shall be conclusive and binding on the

2

Trustor; and shall be the warrant of the Trustee to proceed forthwith to foreclose upon and sell the security."

*The First Contempt Proceedings*

On November 25, 2009, the trial court issued a temporary restraining order, restraining Montana and Reliable Trust and Deed Services (Reliable) from conducting a foreclosure of certain real property. Included with the temporary restraining order was an order to show cause why a preliminary injunction should not be issued. (*Robinson I*, *supra*, B233010, p. 2.) The following day, the trial court filed the written preliminary injunction. (*Id*. at p. 3.)

Shortly thereafter, Montana's attorney advised Reliable that it could proceed with a trustee sale of the property. Reliable proceeded with the sale; Robinson filed a motion for sanctions; and the trial court set an Order to Show Cause re Contempt. (*Robinson I*, *supra*, B233010, at pp. 3–4.) At the contempt hearing, the trial court found Montana in contempt and ordered it to pay monetary sanctions for contempt of court and as damages to Robinson. (*Id*. at p. 4.) Montana petitioned this court for a writ of mandate, and we issued an order indicating that we were considering issuing a peremptory writ directing the trial court to vacate its contempt order because the record did not contain (1) an affidavit of facts constituting the contempt as required by Code of Civil Procedure section 1211, subdivision (a), and (2) evidence of the attorney fees and costs incurred by Robinson under section 1218, subdivision (a). (*Robinson I*, *supra*, B233010, at p. 5.) On July 23, 2010, the trial court complied with our order and vacated its contempt order, rendering the writ proceeding moot. (*Id*. at p. 5.)

*The Second Contempt Proceedings*

On August 25, 2010, Robinson reinitiated a contempt proceeding, this time with affidavits of facts in support. (*Robinson I*, *supra,* B233010, at pp. 5–6.) The trial court again issued an order to show cause re contempt for willful disobedience of the injunction order. (*Id*. at p. 6.) Again, the trial court found Montana and Reliable in contempt of court; it fined Montana and Reliable $1,000 each and ordered them to pay Robinson

3

reasonable attorney fees and costs incurred in connection with the contempt proceedings. (*Id*. at pp. 6–7.)

Montana filed a petition for writ of mandate or prohibition with this court, and we denied it without comment. (*Robinson I*, *supra*, B233010, at p. 7.) Thereafter, a judgment was filed, holding Montana in contempt and ordering attorney fees and costs. (*Id*. at p. 7.) Montana appealed and we reversed the trial court judgment on the grounds that Robinson did not satisfy the bond requirement and that that requirement had not been waived. (*Id*. at p. 13.)

*Montana's Motion for Attorney Fees*

Following issuance of the remittitur, Montana filed a motion for attorney fees. It argued that it was the prevailing party on an action challenging the deed of trust; accordingly, it was entitled to attorney fees pursuant to the deed of trust. Robinson opposed the motion.

The trial court denied Montana's motion, reasoning that the "[c]laims on appeal did not arise out of the enforcement of the deed of trust. In fact, the deed of trust had already been foreclosed upon. The appeal arose out of [Montana's] contempt of the court's Preliminary Injunction."

Montana's timely appeal ensued.

## DISCUSSION

I. *Standard of Review*

At issue is whether Montana's success in its appeal of the trial court's judgment in the first appeal falls within the scope of the attorney fee provision in the deed of trust. We review this issue of law de novo. (*Loduca v. Polyzos* (2007) 153 Cal.App.4th 334, 340.)

II. *Analysis*

"'We start with the basic proposition that each party to a lawsuit must pay its own attorney fees except where a statute or contract provides otherwise. [Citation.] Where there is a contractual attorney fees provision, [Civil Code] section 1717, subdivision (a) provides, "[i]n any action on a contract, where the contract specifically provides that

4

attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."'" (*Loduca v. Polyzos, supra*, 153 Cal.App.4th at pp. 340–341.) Further, California courts have consistently held that "[i]f a contractual attorney fee provision is phrased broadly enough . . . it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 608.)

Although not entirely clear, Montana's argument appears to be as follows: Robinson and ASC have an agreement, which contains an attorney fee provision. Somehow, because it is never explained, Montana can enforce that attorney provision. That attorney fee provision encompasses all contract and tort claims arising out of or relating to that deed of trust. Because the contempt proceedings (including Montana's successful appeal) arose out of the deed of trust, Montana is entitled to recoup its attorney fees incurred in appealing the trial court's judgment.

Montana has not demonstrated that it is entitled to attorney fees. <u>First</u>, Montana does not explain, with reasoned argument and citations to legal authority, how it can recover attorney fees pursuant to a contract to which it is not a party. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) <u>Second</u>, the appellate record is incomplete. (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1320–1321.) Montana asserts that it is entitled to attorney fees pursuant to the deed of trust, which incorporates "a certain Bail Agreement." But, that bail agreement is not part of the appellate record. Without the bail agreement, we cannot determine whether Montana's claim for attorney fees arises out of the relevant agreements. <u>Third</u>, Montana offers no legal authority in support of its contention that contempt proceedings fall within the scope of ASC's losses sustained "on account of, growing out of, or resulting from the execution of a certain bond."

5

Based upon what has been provided to us, we agree with the trial court that the deed of trust is not broad enough to encompass the attorney fees sought. The deed of trust provides for ASC's recovery of losses incurred, including attorney fees, as set forth in the bail agreement, which is not part of the appellate record. The agreement says nothing about a contempt proceeding. Quite simply, the issue of whether Montana was in contempt of court for willfully violating an injunction has nothing to do with the deed of trust.

## DISPOSITION

The order is affirmed. Robinson is entitled to costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
                ASHMANN-GERST


We concur:


_____, P. J.
        BOREN


_____, J.
        CHAVEZ

6